# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSE DIANE BOESENHOFER, Executrix of the ESTATE OF WILLIAM BOESENHOFER, SR., and Widow In Her Own Right, <br><br> Plaintiff, <br><br> v. <br><br> CBS CORPORATION and GENERAL ELECTRIC COMPANY, *et al.* <br><br> Defendants. | CONSOLIDATED UNDER MDL 875 <br><br> CIVIL ACTION NO. 2:17-cv-01072-ER |

## REPLY OF DEFENDANTS CBS CORPORATION AND GENERAL ELECTRIC COMPANY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDINGS

In opposing the motion of Defendants CBS Corporation and General Electric Company to stay proceedings in this case until the Supreme Court decides *Air Liquid Systems Corp., et al. v. DeVries*, No. 17-1104 (U.S.) ("*DeVries*"), Plaintiff does not dispute, and presumably concedes, this Court's inherent authority to control its docket. Plaintiff also does not challenge the authority of this Court to stay a case pending the outcome of a potentially dispositive Supreme Court decision, as recognized in *Stokes v. RealPage, Inc.*, 2016 WL 9711699 (E.D. Pa. Jan. 25, 2016) (Padova, J.), and as included among the reasons why this Court stayed three similar cases pending the Supreme Court's decision on the petition for writ of certiorari in *DeVries*.[1] Consistent with that reasoning, this Court stayed all proceedings in *McAfee* shortly after the Supreme Court's decision to review *DeVries* during its next term.[2]

---

[1] *See* Orders entered in *Mortimer, et al. v. A.O. Smith Corp., et al.*, E.D. Pa., Civ. No. 2:13-04169-ER, *DeVries, et al. v. General Electric Company*, E.D. Pa., Civ. No. 5:13-00474-ER,

Plaintiff's opposition to Defendants' Motion rests on two faulty assumptions – namely, that a stay will deprive plaintiff of a June 2018 trial listing and will cause "indeterminate and excessive" delay. Plaintiff also ignores this Court's prior determinations to stay three similar cases to await guidance from the Supreme Court on a question that will help to simplify a critical issue in this case – the "bare metal" rule - and possibly affect the viability of at least eight cases pending in this Court.[3]

### A. Stay Pending *DeVries* Will Not Cause Undue Delay

#### 1. Plaintiff Misapprehends the Scheduling Order

Plaintiff's contention that Defendants' Motion for Stay will delay unduly the resolution of this case is flawed in several respects. First, plaintiff misreads the Court's scheduling order, as evidenced by plaintiff's argument that Defendants' Motion requests this Court to "abandon" its scheduling order since the Supreme Court's October 2018 Term begins "four months after this case is scheduled for entry into the trial pool." Plaintiff's Opposition at 1, 4. Plaintiff mistakenly assumes that this case will be placed in a trial pool this month. In fact, the scheduling order, entered six months before the Supreme Court granted *certiorari*, provides that this case would not be eligible for trial until at least 30 days after this Court decides summary judgment motions: "The case shall be placed in the trial pool on June 28, 2018, ***or, if a motion for***

---

and *McAfee, et al. v. 20th Century Gove Corporation of Texas, et al.*, E.D. Pa., Civ. No. 13-6856, (citing "an important dispositive issue") attached as Exhibits B and C to Defendants' Motion. (ECF Doc. 258-2 and 3).

[2] *See* Order dated May 29, 2018, attached as Exhibit A to Defendants' Motion. (ECF Doc. 258-1).

[3] In addition to *DeVries, Mortimer, McAfee* and this case, CBS and GE have asserted the bare metal rule in four other cases pending in this Court: *Murphy v. Asbestos Corporation Limited, et al.*, Civil No. 2:17-03898-ER, *Pine v. Aurora Pump, et al.*, Civil No. 2:18-00927-ER, *Kraus, et al. v. Alcatel-Lucent, et al.*, Civil No. 2:18-02119-TJS, and *Lawlar, et al. v. Air & Liquid Systems Corporation, et al.*, Civil No. 2:18-01991-ER.

*summary judgment is filed, thirty (30) days from the disposition of the motion. . . ."* See First Amended Scheduling Order, dated October 18, 2017, at ¶ 9 (ECF Doc. No. 124) (emphasis added). CBS, GE and twenty-four other defendants moved for summary judgment in this case last month.

Plaintiff also fails to account for the time reasonably necessary for the Court to analyze and decide the pending summary judgment motions. The docket entries in this action reflect that Plaintiff has opposed seventeen of the twenty-six summary judgment motions filed, among them motions on behalf of CBS and GE. For the Court to decide all seventeen contested summary judgment motions will take considerable time, especially because of Plaintiff's voluminous submissions – several attaching dozens of exhibits, and one that attaches more than 100 exhibits. In opposing GE's motion, plaintiff attached fifty-eight exhibits; in response to CBS's motion, plaintiff attached sixty-three exhibits. For the Court to review and analyze carefully the briefs and exhibits for each of the pending dispositive motions, it would be reasonable to expect that, by the time the last of the motions is decided, the case might not be eligible to be placed in the Court's trial pool until the Fall of 2018, when this case will be briefed, and possibly argued, in the Supreme Court.

2. **The Requested Stay is Reasonable**

Further, because the *DeVries* case is listed for the Supreme Court's October 2018 Term, it is likely that the Court will decide the case by June 2019, thereby not requiring a delay of an "indeterminate and excessive duration," as Plaintiff argues. In its initial Orders placing the *DeVries, Mortimer* and *McAfee* cases on the Civil Suspense Docket, this Court observed that the "*short delay* required for the Supreme Court to rule on the petition for certiorari *will not prejudice the parties*." See Exs. B and C (emphasis added). It is fair to assume that the Court's

3

initial stay reflects an interest in staying the proceedings further if the Supreme Court granted the writ of *certiorari*. Unsurprisingly, therefore, when the Supreme Court granted the writ, this Court stayed the *McAfee* case until the Supreme Court decides the "important dispositive issue" presented in *DeVries*, an issue, as noted, in at least eight cases pending in this Court. Conversely, the stay ordered in *McAfee* implicitly reflects this Court's determination that the plaintiffs in that case[4] will not be prejudiced by waiting for the *DeVries* decision, or that any claimed prejudice related to the stay is outweighed by the benefit to this Court of knowing the Supreme Court's ruling, or both.

Finally, Plaintiff's reliance upon *Richardson v. Verde Energy USA, Inc.*, 2016 WL 4478839 (E.D. Pa. Aug. 25, 2016) (Stengel, C.J.) to support the argument that a stay would be "inappropriate" in this case is misleading. In *Richardson*, the defendant moved to stay proceedings pending decisions from the United States Supreme Court and from the Court of Appeals for the District of Columbia. But the Supreme Court case defendant cited to support its motion had already been decided, and was therefore moot, when the district court addressed defendant's motion. *Richardson* 2016 WL 4478839 at *2. The district court also observed that the pending court of appeals decision could lead to further appeals ("one of the parties could request review by the court *en banc* and/or seek a writ of *certiorari* before the United States Supreme Court"), leading the court to conclude that the duration of the stay was "indeterminate." *Id.* Here, with the *DeVries* case pending in the Supreme Court, there is not the risk of indeterminate delay noted in *Richardson*.[5]

---

[4] In the *McAfee* case, which was filed in 2013, three years before this case, plaintiffs are represented by plaintiff's local counsel in this action.

[5] Plaintiff accurately notes that *Richardson* requires a determination that a stay would promote judicial economy, a balancing of harm to the parties, and the duration of the stay, but

4

In sum, it is appropriate for the Court to stay the proceedings in this case pending the United States Supreme Court's decision in *DeVries* and further order that this case shall remain on the Civil Suspense Docket pending the Supreme Court's decision.

Respectfully submitted,

Dated: June 7, 2018

/s/ John P. McShea
John P. McShea
Conrad O. Kattner
McSHEA LAW FIRM, P.C.
Centre Square, West Tower
1500 Market Street, 40th Floor
Philadelphia, PA 19102
(215) 599-0800

*Attorneys for Defendants*
*CBS Corporation and*
*General Electric Company*

---

each of those factors has been considered by this Court, as reflected in its Orders of January 23, 2018 regarding *Mortimer* and *DeVries* (Ex. C) and February 16, 2018 in *McAfee* (Ex. B).

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of June 2018, I electronically filed the foregoing Reply of Defendants CBS Corporation and General Electric Company to Plaintiff's Opposition to Motion to Stay Proceedings using the *CM/ECF* system, which will automatically send e-mail notification of such filing to all counsel of record.

/s/ John P. McShea
John P. McShea