IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

─────────────────────────────X
ROSE DIANE BOESENHOFER, Executrix   CIVIL ACTION
of the Estate of WILLIAM J.
BOESENHOFER, SR., and Widow in her
own Right,                           DOCKET NO. 2:17-cv-01072-ER

              Plaintiff,

-against-
                                                     **ASBESTOS CASE**

AECOM, et al.,

              Defendants.
─────────────────────────────X

**DEFENDANT IMO INDUSTRIES INC.'S REPLY TO
PLAINTIFF'S OPPOSITION TO IMO'S MOTION FOR SUMMARY JUDGMENT**

      Defendant Imo Industries Inc. (hereafter "Imo" or "Imo/Delaval"), by and through its undersigned counsel, hereby submits its Reply to Plaintiff's Opposition to Imo's Motion for Summary Judgment and in further support of its motion for an Order granting summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56.

      Imo's moving papers demonstrated its entitlement to summary judgment. In opposition, Plaintiff relies on the testimony of former coworker Daniel Cairns, together with expert reports and documents, in an attempt to refute Imo's motion. For the reasons set forth in its moving papers and below, Imo's motion should be granted.

**PRELIMINARY STATEMENT**

      One reads through the first 15 pages of Plaintiff's opposition, filled with detailed discussion of the work performed by Mr. Boesenhofer that is alleged to have caused him to be exposed to asbestos, without even a mention of Imo/Delaval. Mr. Boesenhofer was a boilermaker and a boiler inspector and Imo/Delaval didn't manufacture any equipment on which

1

he worked. Indeed, Plaintiff does not allege that Mr. Boesenhofer worked with Imo/Delaval equipment, and Mr. Cairns did not testify that he did. Instead, beginning on page 16 of Plaintiff's opposition, Plaintiff inventories Delaval equipment found in records by its expert, Captain Moore, and asks the Court to deny Imo's motion so a jury can speculate that Mr. Boesenhofer was exposed to asbestos from Delaval equipment when other trades worked on Delaval equipment and created asbestos-containing dust. Neither Mr. Cairns nor Mr. Boesenhofer ever worked on Delaval equipment, nor knew precisely what work may have been done on any Delaval equipment when they were performing their own work. Work which plaintiff concedes caused direct exposure to asbestos to Mr. Boesenhofer. Accordingly, there is insufficient evidence that Mr. Boesenhofer was exposed to asbestos from Delaval products as required by Maritime law. Moreover, because there is no evidence that any of the asbestos to which Mr. Boesenhofer may have been exposed was manufactured, sold or supplied by Imo/Delaval, and there is no evidence that Imo could reasonably have known that asbestos was dangerous when it sold its products for use on the ships on which Mr. Boesenhofer worked, even under the recently articulated standard of the Third Circuit in *In re Asbestos Products Liability Litigation (Devries)*, 873 F.3d 232 (3d Cir. 2017), *cert. granted*, --- S.Ct. ----, 2018 WL 753606 (2018), this case against Imo should be dismissed. Plaintiff and Imo agree that this case is governed by maritime law.

### A. Plaintiff has not established exposure to asbestos attributable to an Imo/Delaval Product

There is no dispute that Plaintiff never worked on any DeLaval equipment that may have been present on certain vessels on which he worked. *See, e.g.,* Plaintiff's Opposition at 16. Plaintiff's only fact witness, Mr. Cairns, testified that he and Plaintiff were at times working ten feet away from others who were dismantling DeLaval pumps during their time working together,

which was 1967 to 1972 and 1976 to 1978. *Id.* Plaintiff asserts that according to Navy specifications, these pumps would have utilized asbestos gaskets and/or packing. *See, e.g.*, *id.* at 17. More specifically, Plaintiff alleges that Mr. Boesenhofer worked around (but not on) DeLaval equipment aboard the USS Saratoga, USS Mitscher, USS John S. McCain, USS Farragut, USS Luce, USS Dewey, USS Blandy, USS Fox and USS Sperry. *Id.* at 16.

Plaintiff has submitted an expert report and a number of exhibits, further supporting that it was the Navy that required that the equipment on the Navy ships utilize asbestos-containing gaskets, packing and insulation. *See* Exhibits 8 through 35 to Plaintiff's Opposition. Plaintiff has also submitted an expert report from an industrial hygienist, William Ewing, who specifically discusses a number of sources of Mr. Boesenhofer's asbestos exposure: primary and secondary exposure to thermal insulation, primary exposure to gasket removal, and primary exposure to welding blankets. Declaration and Report of William M. Ewing, CIH, at 5-12, attached hereto as Exhibit A. As set forth in pages 1-15 of Plaintiff's Opposition to Imo's Motion for Summary Judgment, and in the pages of Mr. Ewing's report, Mr. Boesenhofer had numerous and extensive exposure to asbestos from direct sources other than Imo/Delaval equipment. His alleged bystander exposure to asbestos-dust from Imo/Delaval equipment, if it occurred at all, came from equipment worked on by others no closer than ten feet away. Mr. Ewing's report indicates that at a distance of ten or more feet away, the level of asbestos exposure reduces to somewhere between ten and thirty-five percent. *Id.* at 9. Given the direct work that Mr. Boesenhofer performed on asbestos-containing equipment, and the numerous other sources of asbestos in his workplace, it would require pure conjecture for a jury to find that Mr. Boesenhofer actually breathed any asbestos-containing dust that emanated from an Imo/Delaval product, or that it was significant. Mr. Cairns testified that there were occasions when the pumps were removed from

lines and repaired by machinists, but he did not say that occurred with frequency and regularity and he did say that the proximity was at least ten feet away, which does not meet the legal standard. *See Lindstrom v. A-C Product Liability Trust*, 424 F.3d 488, 492 (6th Cir. 2005). Accordingly, Imo is entitled to summary judgment in this case.

### B. The "Bare Metal Defense" applies to Imo in this case

Imo is also entitled to dismissal because Plaintiff has not shown that Imo is legally responsible for any of the asbestos on any of the ships on which Mr. Boesenhofer worked. There is no evidence that any of the work on these ships involved original asbestos-containing components or asbestos-containing components otherwise supplied by Imo. The USS Saratoga was launched in 1955, the USS Mitscher in 1952, the USS John S. McCain in 1952, the USS Farragut in 1958, the USS Luce in 1958, the USS Dewey in 1958, the USS Blandy in 1956, the USS Fox in 1944, and the USS Sperry in 1941. The specifications cited by Plaintiff were for the equipment that was installed when the ships were built. The earliest possible date that Mr. Boesenhofer worked around the relevant Delaval equipment was 1966, eight to seventeen years after these ships were built. Any asbestos-containing components which may have been supplied by Imo had already been replaced on all the equipment on these ships by the time Mr. Boesenhofer began working at the Philadelphia Naval Shipyard in 1966, and there is no evidence that any of the replacement asbestos-containing products were supplied by Imo. Therefore, Imo may only be held liable in this case if Plaintiff can meet the standard set forth in *Devries, supra*, 873 F.3d at 240.

Under *Devries,* the first prong of the standard for finding liability on a manufacturer for another's asbestos requires that the Plaintiff show the defendant reasonably could have know that asbestos is hazardous when the equipment was sold. *Id.* All of the equipment provided by Imo

4

in this case was provided in 1958 or prior. Plaintiff devotes much of the Opposition to discussing circumstances in which a manufacturer may be held liable for asbestos-containing component parts supplied by someone else, but Plaintiff has not submitted evidence sufficient to show that Imo "reasonably could have known" *at the time the products at issue were placed in the stream of commerce*, that asbestos was hazardous. In fact, plaintiff relies on an article written by Dr. Selikoff in 1964, six years after the last ship at issue was built. Thus, Plaintiff cannot meet the standard set forth in *Devries* for avoiding the bare metals defense and Imo is entitled to summary judgment.

### C. There is no post-sale duty to warn in this case

Plaintiff cites two cases to support the assertion that a broad post-sale duty to warn applies in Pennsylvania: Walton v. Avco Corp., 610 A.2d 454 (Pa. 1992), and Lance v. Wyeth, 85 A.3d 434 (Pa. 2014). Neither case stands for such a broad assertion, and neither case applies to the facts of this case. The *Walton* case involved a defective part in a helicopter engine. *Walton,* 610 A.2d at 456. The part manufacturer provided a warning to the helicopter manufacturer, who failed to pass that information on, including critically to its authorized service center that performed an overhaul of the helicopter at issue prior to the crash in which plaintiff was injured. *Id.* at 456-57. The helicopter manufacturer's failure to pass on information that it was shown to possess resulted in the defective condition remaining through the overhaul causing plaintiff's injury. *Id.* at 457. The case here is markedly different from that in *Walton*, in that the Navy directed what products were used, who performed that work, and how that work was performed. Imo had nothing to do with, and no control over, the work Mr. Boesenhofer was doing on the various Navy ships eight or more years after Imo supplied its equipment to the Navy for those ships. The *Walton* case is simply inapposite to the facts of this case.

5

The *Lance v. Wyeth* case involved prescription drugs known to increase the risk of pulmonary hypertension. *Lance*, 85 A.3d at 436-37. The drugs carried a label which warned of the increased risk of hypertension, as required by the FDA. *Id.* at 437. That case did not involve a claim of a breach of duty to warn, as plaintiff claimed that the drugs were unreasonably dangerous and should not have been marketed in the first place and thus no warning would have been sufficient. *Id.* at 459-60. The reference to a duty to warn in the decision was made only in dicta. *Id.* The *Lance* case does not stand for the proposition that Imo had a post-sale duty to warn the Navy about utilizing asbestos on its equipment eight or more years after the Navy purchased the equipment.

## Conclusion

WHEREFORE, for the foregoing reasons and for the reasons set forth in its moving papers, defendant Imo Industries Inc. respectfully requests that this Honorable Court enter the attached proposed Order granting summary judgment in its favor.

Respectfully submitted,

**LEADER BERKON COLAO
& SILVERSTEIN LLP**


 /s/ Joseph I. Fontak
Joseph I. Fontak, Esquire
Attorney for Defendant
Imo Industries Inc.

Dated: June 7, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

―――――――――――――――――――――X
ROSE DIANE BOESENHOFER, Executrix of the Estate of WILLIAM J. BOESENHOFER, SR., and Widow in her own Right,

                    Plaintiff,

 -against-

AECOM, et al.,

                    Defendants.
―――――――――――――――――――――X

CIVIL ACTION

DOCKET NO. 2:17-cv-01072-ER

**ASBESTOS CASE**

## ORDER

AND NOW, this __ day of _____, 2018, upon consideration of Defendant Imo Industries Inc.'s Motion for Summary Judgment it is hereby ORDERED and DECREED that all claims, including cross-claims, are dismissed as to Imo Industries Inc., in the above-captioned matter, and judgment is entered in its favor on all claims.

                                        BY THE COURT:

                                        _____
                                        Eduardo C. Robreno, J.

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 7, 2018, the foregoing Defendant Imo Industries, Inc.'s Reply to Plaintiff's Opposition to Imo's Motion for Summary Judgment has been filed electronically and is available for viewing and downloading from the ECF system. I further certify that the foregoing document was served via ECF upon all counsel of record.

    /s/ Joseph I. Fontak
Joseph I. Fontak (JF 3013)
Leader Berkon Colao & Silverstein LLP
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 755-0455
jfontak@leaderberkon.com