# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSE DIANE BOESENHOFER, Executrix of the ESTATE OF WILLIAM BOESENHOFER, SR., and Widow In Her Own Right, | : : : : : | CONSOLIDATED UNDER MDL 875 |
| Plaintiff, | : : | |
| v. | : : | |
| GENERAL ELECTRIC COMPANY, *et al.*, | : : | E.D. PA CIVIL ACTION NO. 2:17-cv-01072-ER |
| Defendants. | : | |

## REPLY OF GENERAL ELECTRIC COMPANY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendant General Electric Company ("GE") moved for summary judgment because Plaintiff's evidence is insufficient to establish that any product that it manufactured, sold or distributed caused Plaintiff William Boesenhofer's alleged injury. GE further maintains that it has no duty to warn about and cannot be liable for injury arising from any product or component part that it did not manufacture or supply, based on the "bare metal" rule. [1]

Plaintiff opposes General Electric's motion based on a voluminous record that, although it may show that Plaintiff William Boesenhofer was exposed to asbestos while working on U.S. Navy ships, fails to establish that Mr. Boesenhofer was exposed to asbestos from a product made, sold or distributed by GE. Therefore, if the bare metal rule applies in this case, the Court must grant summary judgment in favor of GE.

---
[1] This Court has held that the so-called bare metal defense is recognized by maritime law, which plaintiff concedes applies in this case, such that a manufacturer has no liability for harm caused by a product it did not manufacture, sell or distribute. *Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012 (Robreno, J.) On May 14, 2018, the United States Supreme Court granted certiorari in *Air & Liquid Systems Corp. et al. v. DeVries*, No. 17-1104 (U.S.) ("*DeVries*"), to consider the validity of the bare metal rule.

Plaintiff contends that she has identified sufficient product identification/causation evidence against GE to survive summary judgment. In support of this assertion, Plaintiff cites to the following evidence:

- Deposition of Daniel Cairns

Mr. Cairns testified that he worked with Mr. Boesenhofer between 1967 and 1972, and again in approximately 1978 to 1981, performing certain overhauls of propulsion boilers on the *USS Saratoga, USS Mitschler, USS McCain, USS Farragut, USS Luce, USS Dewey, USS Blandy, USS Guadalcanal,* and *USS Blue Ridge*. He also testified that Mr. Boesenhofer was present or assisted others in the repair and overhaul of the main engine turbines on certain ships, although he could not be certain if GE or Westinghouse Electric Company made the turbines on particular ships. The GE turbines, according to Mr. Cairns, were covered with asbestos-containing insulation and contained gaskets that were made with asbestos. He testified that Mr. Boesenhofer was exposed to asbestos dust from the insulation and gaskets. (Doc. Nos. 254-5, 254-6)

- Various Documents

Plaintiff points to various documents and testimony to establish: (1) GE supplied turbines for the ships at issue, (2) the GE turbines were insulated with asbestos and contained gaskets with asbestos, and (3) GE required (and therefore knew) that asbestos-containing parts would be used with its equipment. (Doc. Nos. 254-11 to 254-39).[2]

---

[2] Plaintiff also refers to a pathology report, certificate of death, and her complaints, but these documents fail to provide evidence as to any specific product of GE. (Doc. Nos. 254-1to 254-4). Likewise, Plaintiff's later reference to certain work practice studies, plaintiff's industrial hygiene expert report of William Ewing, and medical causation report of David Kern, M.D., each fail to address any specific product of GE. (Doc. Nos. 254-50 to 254-54)..

- Expert Report of Arnold P. Moore, P.E.

Plaintiff points to a report by its expert Arnold P. Moore, P.E. to establish that GE supplied equipment to the Navy that was insulated with or contained parts that contained asbestos. In general, Moore's report shows that GE provided equipment required by Navy specifications or was subject to Navy approval; in other instances, Moore's report evidences that a third party, such as a shipbuilder, was responsible for asbestos insulation used on or with GE's equipment.

- In Moore's discussion of various "GE parts lists" related to the *Saratoga*, Moore omits that GE's documents cross-reference U.S. Navy Bureau of Ships contract documents and that each GE submission was approved by the Navy's Bureau of Ships. (*See, e.g.,* Doc. 254-13 and 14).
- Moore's report provides no evidence that GE supplied gaskets for equipment to which Mr. Boesenhofer was later exposed.[3]
- In discussing two generators that GE supplied to the Navy for use on the *Saratoga*, Moore alludes to "<u>Navy</u> Specifications" and speculates that certain turbines were "likely" insulated with asbestos "based on <u>Navy</u> insulation drawings for generator turbines." (Doc. 254-8 at p. 11) (emphasis added).
- Moore notes the presence of GE main feed pumps on the *USS Dewey* and speculates states they were "likely" insulated with asbestos "as indicated by a *Navy* insulation drawing for main feed pumps." (Doc. 254-8 at 28-9) (emphasis added).

---

[3] *See e.g.,* GE Mot. Summ. J., Doc. No. 236, p. 12, section II.F, citing Moore Report, Doc. No. 162 and 254-8, pp. 12-13, and Moore Dep., Doc. No. 236-3.

3

- o Documents cited in Mr. Moore's report reflect that the equipment supplied by GE to the Navy were subject to the Navy's specifications. (Doc. No. 254-8). Indeed, each drawing was pursuant to government contract, subject to "Navy department specifications," "approved" by the Navy "BuShips." (*E.g.* Drawing 137B292, Doc. No. 254-16 p. 2 ("app[rove]d BuShips," "under US government contract," gasket "may be furnished by" another manufacturer); Parts List, Doc. No. 254-24 p. 3 ("Navy Dept. Specification")).
- <u>Discovery responses by GE in other litigation and testimony by a GE representative, David Skinner</u>

Plaintiff contends that GE has admitted in discovery responses in this or other cases that it supplied equipment to the Navy, including turbines. The excerpts of testimony by Mr. Skinner, and related exhibits, concern land-based turbines, or commercial ships, not the equipment to which Mr. Boesenhofer was exposed aboard Navy ships. (Doc. Nos. 254-10, 254-40 to 254-49).

## I. Analysis

Plaintiff alleges that Mr. Boesenhofer was exposed to asbestos from external insulation or replacement gaskets or materials used in connection with GE's products (turbines and pumps). Plaintiff asserts a product liability theory against GE.

There is evidence of that Mr. Boesenhofer experienced asbestos exposure from insulation or gaskets or materials used in connection with GE's products. There is no evidence that GE required or recommended use of asbestos insulation with its products. On the contrary, GE supplied equipment to the U.S. Navy for use on its ships in compliance with military specifications, and to the extent Plaintiff points to GE specifications, they were issued in response to Navy requirements. Importantly, however, there is no evidence that any of the

asbestos-containing insulation or other components related to the GE equipment was manufactured or supplied by GE (as opposed to being a component and/or replacement part manufactured or supplied by an entity other than GE). As such, no reasonable jury could conclude from the evidence that Mr. Boesenhofer was exposed to asbestos from a product manufactured or supplied by Defendant General Electric such that it was a substantial factor in the development of his illness, because any such finding would be based on conjecture. *See Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005). Accordingly, summary judgment in favor of GE is warranted with respect to product liability claims arising from this alleged source of exposure. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50.

Respectfully submitted,

Dated: June 7, 2018

/s/ John P. McShea
John P. McShea
Conrad O. Kattner
McSHEA LAW FIRM, P.C.
Centre Square, West Tower
1500 Market Street, 40th Floor
Philadelphia, PA 19102
(215) 599-0800

*Attorneys for Defendant*
*General Electric Company*

# CERTIFICATE OF SERVICE

This is to certify that on this 7th day of June, 2018, I electronically filed the foregoing Reply in Support of General Electric Company's Motion for Summary Judgment and the accompanying Brief with the Clerk of Court using the *CM/ECF* system, which will automatically send email notification of such filing to all counsel of record.

/s/ John P. McShea
John P. McShea
