IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| ROSE DIANE BOESENHOFER, Executrix of the Estate of WILLIAM BOESENHOFER, deceased, and widow in her own right | : : : : | CIVIL ACTION No. 17-CV-1072 |
| Plaintiff, | : : | |
| v. | : : | |
| AECOM, *et al.* | : : : | ASBESTOS CASE JURY TRIAL DEMANDED |
| Defendants. | : : | |

**REPLY BRIEF OF DEFENDANT, THE GOODYEAR TIRE & RUBBER COMPANY, IN RESPONSE TO PLAINTIFF'S OPPOSITION TO ITS <u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant, The Goodyear Tire & Rubber Company ("Goodyear Tire"), by and through its counsel, hereby submits this Reply Brief in response to Plaintiff's Opposition to its Motion for Summary Judgment.

**A.  Plaintiff Has No Foundation To Raise Claims In Her Opposition That She Neither Asserted In Her Complaint Nor Pursued During Discovery, And In Doing So She <u>Has Violated Both This Court's Orders And The Federal Rules Of Civil Procedure.</u>**

In her response, Plaintiff claims that "Goodyear supplied asbestos-containing sheet gaskets to Crane Company for rebranding as 'Cranite' from 1919 to 1974 and was Crane Company's exclusive supplier of those gaskets from 1969 to 1974," relying solely on the discovery responses of co-defendant, Crane Co. ("Crane"). *See* Plaintiff's Opposition at p. 16. In so doing, Plaintiff is ostensibly and improperly seeking to assert claims for contribution and indemnity of co-defendant Crane relating to Cranite sheet gasket material.  **However, Plaintiff's**

1

**Complaint does not set forth any claims against Goodyear Tire relating to products of Crane or arising out of any contractual relationship, for indemnification or otherwise, between Goodyear and Crane.**[1]  *See generally* Exhibit 4 to Plaintiff's Opposition, Plaintiff's Complaint, originally filed in Philadelphia Court of Common Pleas on May 27, 2016.

Plaintiff's Complaint in this matter was originally filed in the Philadelphia County Court of Common Pleas on May 27, 2016.  On July 8, 2016, Plaintiff served answers to standard discovery (known in Philadelphia County as Defendants' General Interrogatories, Set I and II).  Following the conclusion of the deposition of Plaintiff's sole product identification witness, Daniel Cairns, on March 1, 2017, Crane removed this matter to this Court on March 9, 2017.

The basis for Crane's removal was its asserted defense as a government contractor. Attached to its Notice of Removal, and attached as Exhibit A hereto, was the Affidavit of Crane's corporate representative, Anthony Pantaleoni, wherein he affirms that Crane supplied equipment in accordance with military specifications.  Specifically, as stated in Crane's Notice of Removal, attached hereto as Exhibit B (without exhibits),[2] "Crane Co. was acting under the direction of the Navy in the design, manufacture, and sale of its products for and to the Navy.

---

[1] Goodyear Tire's Motion for Summary Judgment was timely filed in reliance upon the record of evidence that existed at the time of filing.  Once discovery is closed, as it has been in this matter since December 11, 2017, the summary judgment stage is <u>not</u> the appropriate time to build or supplement the record of evidence in support of one's claims, as Plaintiff has done herein.  Pursuant to F.R.C.P. 56, "[a] party asserting that a fact…is genuinely disputed must support the assertion by citing to particular parts of materials in the record…" F.R.C.P 56(c)(1)(b).  Moreover, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." F.R.C.P. 56(c)(2).  Goodyear Tire objects to, and moves to strike the materials Plaintiff is relying on in order to advance her purported Cranite claim against Goodyear Tire to the extent that those materials go beyond the established pleadings and record of evidence at the close of discovery and at the time that Goodyear Tire's Motion was filed and to the extent such materials are inadmissible at trial.  *See*, *e.g.*, *Thomas v. FTS USA, LLC*, 2016 U.S. Dist. LEXIS 82679, *13 (E.D. Va. 2016) (where the belated production of evidence violated both the rules of discovery and the Court's previous Orders, the untimely production was neither harmless nor justified, and striking the evidence and precluding admission at trial were the only appropriate sanctions).

[2] A complete copy of Crane's Notice of Removal, including Exhibits, was filed on March 9, 2017 and can be found at Document 1.

Crane Co. products were designed and manufactured in accordance with precise contracts and specifications approved by the Navy." *See* Exhibit B, Crane's Notice of Removal, at ¶ 7. Moreover, Crane asserted:

> Since the 1950s, the Navy issued Military Specifications (MILSPECs) for various products, including the types of products allegedly manufactured or supplied by Crane Co., and certain MILSPECs required the use of asbestos or asbestos components. Compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. And unless Crane Co. products were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships. Thus, given the Navy's direct and detailed control over the design and manufacture of Crane Co. products, Crane Co. has met this element.

*Id.* (internal citations omitted).

Following removal of this matter to this Court, and through to the filing of this Reply in support of Goodyear Tire's Motion for Summary Judgment, Plaintiff has never served any disclosure pursuant to Federal Rule of Civil Procedure 26. It inevitably follows that Plaintiff failed to indicate by way of such required disclosures that she was pursuing a claim against Goodyear Tire relating to Cranite sheet gasket material. Rule 26 states that "a party must, without awaiting a discovery request, provide to the other parties [*inter alia*]…a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment…" F.R.C.P. 26(a)(1)(A)(ii). In addition, Rule 26(e)(1)(A) requires that a party must supplement or correct these initial disclosures in a timely manner, if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. F.R.C.P. 26(e)(1)(A). "The disclosure obligation applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial or rebuttal of the

3

allegations, claim, or defense of another party. It thereby bolsters the requirements of Rule 11(b)(4), which authorizes denials 'warranted on the evidence,' and disclosure should include the identity of any witness or document that the disclosing party may use to support such denials." F.R.C.P. 26, Advisory Committee Notes to the 2000 Amendments. Having never disclosed that she intended to essentially adopt arguments Crane had previously (albeit unsuccessfully) attempted to assert against Goodyear Tire in other litigation, Plaintiff has violated all aspects of Rule 26, to Goodyear Tire's prejudice and detriment.

Fact discovery was to be completed in this matter by December 11, 2017. Plaintiff's standard discovery responses served prior to the removal of this matter to federal court failed to reveal any intention on her part to pursue a claim against Goodyear Tire relating to Cranite sheet gasket material and therefore fail to cure Plaintiff's ignorance of Rule 26.[3] Mr. Boesenhofer was not deposed prior to his death. Plaintiff offered her sole product identification witness, Daniel Cairns, for deposition on February 8, 2017 and March 1, 2017. See Exhibits 5 and 6 to Plaintiff's Opposition, transcripts of Mr. Cairns deposition. No other fact depositions have been taken in this case. Mr. Cairns, whose testimony regarding Cranite sheet gasket material was speculative in its own right,[4] did not offer any testimony as to the manufacturer of any Cranite

---

[3] Further, on March 5, 2018, prior to the deadline for filing summary judgment motions, Goodyear Tire sent product identification discovery to Plaintiff, wherein it was requested of Plaintiff to answer the following, at question no. 1: "Did Plaintiff use or was he exposed to any asbestos products) which had been fabricated, sold, distributed or supplied by The Goodyear Tire &Rubber Company?" No answer has been received from Plaintiff.

[4] Plaintiff cannot establish that Mr. Boesenhofer was ever exposed to asbestos fibers released from the Cranite sheet gasket material, or that any such exposure (if such exposure did in fact occur) happened on a frequent, regular, and proximate basis such that it could be a substantial factor in causing Mr. Boesenhofer's disease. In that regard, Mr. Cairns admitted he was unable to provide any evidence as to how often he might have seen Mr. Boesenhofer working with or around Cranite:

> Q. Can you tell me the number of times that you would have worked in the vicinity of any Cranite sheet packing with Mr. Boesenhofer?
> A. No.

material or otherwise provide any indication of Plaintiff's intention to pursue a Cranite-related claim against Goodyear Tire. *See generally*, Exhibits 5 and 6 to Plaintiff's Opposition. **Of note, Mr. Cairns had been deposed previously as a co-worker in an asbestos case on two occasions, in October 2003 and June 2014, and on those occasions he offered absolutely no identification of Cranite sheet gasket material, let alone any indication that Goodyear Tire was in some way legally responsible for such material.**

Plaintiff's expert reports were to be served by January 11, 2018, and expert depositions were to be completed by April 13, 2018.[5] As noted in Goodyear Tire's Motion for Summary Judgment, Plaintiff has retained as medical causation experts and provided reports of David Grant Kern, MD and David Y. Zhang, MD, PhD, as well as industrial hygienist William M.

---

*See* Exhibit 6 to Plaintiff's Opposition, Mr. Cairns March 1, 2017 deposition, at 58:21-59:15. When asked if he could say whether Mr. Boesenhofer worked with or around the Cranite material more or less than five times, Mr. Cairns admitted: "No. I don't know how many times we used it." *Id.* at 43:17-20. As an aside, and consistent with this testimony, Mr. Cairns stated that Garlock sheet gasket material was the one he saw in use most often during his career. *Id.* at 45:7-17. Further, Mr. Cairns testified that cutting a gasket from the sheet material and installing it was not dusty:

> Q. When you're using these shears, do you recall any dust being created from just cutting the gasket?
> A. No, not that type of gasket, no.
>
> \* \* \*
>
> Q. You don't associate any dust with actually manufacturing or installing the new gasket; is that right?
> A. I would say to install them was a minimal amount of dust, if any.

*Id.* at 52:4-8; 52:14-18. Mr. Cairns further admitted that, while removing old gasket material was dusty, there was no way for him to identify the manufacturer or supplier of the old gasket material. *Id.* at 47:7-16. Finally, Mr. Cairns admitted that, to the extent that work with the sheet gasket material created any dust, it was nothing in comparison to the "snowstorms" of dust generated by the removal and installation of insulation materials which would be taking place in the same spaces on board ship. *Id.* at 52:20-54:2. *See also*, Exhibit 5 to Plaintiff's Complaint, Mr. Cairns' February 28, 2017 deposition, at 297:15-300:13. Mr. Cairns stated that it would be impossible to even tell if any dust was coming specifically from the installation of gasket, as opposed to work being done in their vicinity with the insulation materials or any other materials. *See* Exhibit 6 to Plaintiff's Opposition, at 54:4-55:17.

[5] As an ancillary point, Plaintiff's naval expert, Arnold P. Moore, PE, was deposed on March 21, 2018. On March 15, 2018, Plaintiff served some 17,898 pages of documents concerning "naval ship records." Such documents are both *prima facie* and conclusive evidence of Plaintiff's knowledge of her discovery and disclosure obligations under the Federal Rules.

Ewing, CIH, and naval expert Arnold P. Moore, PE. None of Plaintiff's experts, either by way of their reports or their deposition testimony, indicated that Goodyear Tire is in any way legally responsible for Cranite sheet gasket material, or otherwise revealed Plaintiff's intention to pursue Goodyear Tire for such claims. Specifically, nothing in (1) Dr. Zhang's July 5, 2017 report or his April 16, 2018 deposition, (2) Dr. Kern's October 24, 2017 report or his March 29, 2018 deposition, (3) Mr. Ewing's November 7, 2017 report or his March 19, 2018 deposition, or (4) Mr. Moore's October 23, 2017 report or his March 21, 2018 deposition even addressed any purported manufacturer of any Cranite sheet gasket material, let alone provided any indication of Plaintiff's intention to pursue a Cranite-related claim against Goodyear Tire.[6]

In short, Plaintiff has done nothing, filed nothing, and produced nothing that would substantiate, let alone assert or aver, that Goodyear Tire is in any way legally responsible for Mr. Boesenhofer's alleged exposure to asbestos from Cranite sheet gasket material. Plaintiff's first, and indeed only, indication of her intent to pursue Goodyear Tire for such claims came at the eleventh hour, in response to Goodyear Tire's Motion for Summary Judgment. This is procedurally improper, and indeed disingenuous on Plaintiff's part, as well as in clear violation of the Court's Scheduling Order, any and all subsequent amendments there to, and the Federal Rules of Civil Procedure regarding disclosures, fact discovery, and expert discovery.

Goodyear Tire is severely prejudice by Plaintiff's procedural malfeasance, as it is now

---

[6] Of note, during the deposition of Dr. Kern, he was presented with and questioned about Mr. Cairns' testimony regarding Mr. Boesenhofer's potential exposure to asbestos from work with Cranite sheet gasket material. Specifically, Dr. Kern was presented with Mr. Cairns' testimony that Mr. Cairns could not testify that Mr. Boesenhofer ever worked with Cranite sheet gasket material on more than five occasions and that Mr. Cairns could not testify that he ever saw Mr. Boesenhofer personally remove or be in the presence of someone else removing Cranite sheet gasket material. *See* relevant excerpts from transcript of Dr. Kern's March 29, 2018 deposition, attached hereto as Exhibit C, at 80:23-84:24. Dr. Kern conceded that, based on this evidence of record, he could not opine that Mr. Boesenhofer's work with Cranite sheet gasket material was a substantial factor in causing Mr. Boesenhofer's disease. *See* Exhibit C, at 80:14-21; 85:16-86:11.

11691747-1

tasked with defending claims raised for the first time in a summary judgment opposition that were never properly asserted or raised in the Complaint, let alone developed over the course of discovery. Indeed, as Goodyear Tire has not had an opportunity to conduct discovery as to Plaintiff's apparent contractual liability claims relating to its purported legal liability for Cranite sheet gasket material, Goodyear Tire respectfully submits that if its Motion for Summary Judgment is denied, this Court must reopen discovery in order to allow Goodyear Tire to develop a proper record of its substantive defenses to this claim.[7] This would by necessity include depositions of the corporate representatives of Crane, as well as discovery related to other companies, including Goodrich, Garlock, and Johns Manville, as to those companies' provision of asbestos-containing sheet gasket to Crane that it then sold as Cranite.

**B.  Plaintiff Has No Legal Standing Or Factual Basis To Assert A Co-Defendant's Purported Contractual Indemnification Claims.**

As noted above, in her response, Plaintiff improperly seeks to assert the contractual indemnification claims of co-defendant, Crane, relating to Cranite sheet gasket material. However, Plaintiff's Complaint does not set forth any claims against Goodyear Tire relating to products of Crane or arising out of any contractual relationship between Goodyear and Crane. *See generally* Exhibit 4 to Plaintiff's Opposition, Plaintiff's Complaint. Plaintiff has no legal basis or standing to assert any contractual claims against Goodyear Tire on Crane's behalf. Of note, **Crane has not opposed Goodyear Tire's Motion for Summary Judgment**. Moreover,

---

[7] It has long been the practice in this jurisdiction, in the Commonwealth of Pennsylvania as a whole, and indeed across the nation, that Goodyear Tire is only pursued by plaintiffs in asbestos litigation for its own products, for which is bears legal liability. Plaintiff's inexplicable departure from this practice in this case defies logic and reason, defies Plaintiff's express claims made against Goodyear Tire in her Complaint and the evidence of record herein, defies the procedural rules and court orders applicable to this matter, and lacks any modicum of factual or legal support. Most importantly, Plaintiff's unsupported and wholly unsubstantiated claims against Goodyear Tire relating to Cranite sheet gasket material, raised for the first time in her Opposition, fail to identify any genuine issue of material fact that would prevent this Court from granting summary judgment to Goodyear Tire.

**Plaintiff has opposed Crane's Motion for Summary Judgment seeking to hold Crane liable as, *inter alia*, the manufacturer or "apparent manufacturer" of Cranite sheet gasket material and/or the manufacturer of valves containing Cranite sheet gasket material**. *See generally*, Plaintiff's Opposition to Crane's Motion for Summary Judgment.

In that regard, under Pennsylvania law, Crane (not Goodyear Tire) is liable for any alleged asbestos exposure from Cranite sheet gasket material based on its "holding out" of Cranite as a Crane product. In *Brandimarti v. Caterpillar Tractor Co.*, 527 A.2d 134 (Pa. Super. 1987), the Superior Court determined that where a defendant permitted its name to be placed on a product, that defendant could expect others to purchase the product in reliance on the skill and reputation associated with its name, and the defendant's reputation is an assurance to the user of the quality of the product. *Id.* at 139-40, *citing* Rest. 2d Torts §400, comment d.  As the Restatement dictates, "[o]ne who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer." Rest. 2d Torts § 400.  In this matter, Crane used its Crane and Cranite names and trademarks for the express purpose of causing Cranite-branded gasket material to be used with its valves in reliance on Crane's reputation.  To the extent that Goodyear Tire manufactured any of the Cranite sheet gasket material in question, Goodyear Tire did so to Crane's express specifications and requirements, as Crane required Cranite to be made for Crane consistent with Crane's quality standards, and it was Crane's name, reputation, and marketing that constituted and warranted an assurance to Crane's customers of the quality of its product.

As an additional matter, to the extent that Goodyear Tire manufactured Cranite sheet gasket material on Crane's behalf during the relevant time period herein (which, again, is a claim that Plaintiff has neither alleged nor attempted in any way to substantiate), Goodyear Tire did so

8

pursuant to "Engineering Purchase Specifications" of Crane. This fact relieves Goodyear Tire of any legal liability for such a product (even if such liability were properly pursued by the appropriate entity). *See* Exhibits D through L, attached hereto and discussed in more detail herein.

In June 1916, Crane Co. published the following statement:

> While **"Cranite" is strictly and exclusively a Crane packing, made to comply with Crane demands, backed by the Crane name**, and thus exactly what we said it to be, it is not made in any of the Crane shops; therefore, it is not "manufactured" by Crane Co…**Backed by Crane Co. it is substantially the same as though it were a product of actual Crane manufacture.**

*See* Exhibit D, relevant excerpts June 1916 Issue of Valve World (emphasis added).[8] In a 1926 Employee Handbook Crane Co. published the following statement:

---

[8] In two recent Philadelphia Court of Common Pleas cases, *Williams v. American Standard, et al.*, November Term 2014, No. 01159, and *Szwec v. Gell & Gossett, et al.*, August Term 2014, No. 01439, Crane's corporate representative, Anthony Pantaleoni, was produced for a discovery deposition on December 22, 2015 and January 28, 2016, and he was examined by counsel for Goodyear Tire. With respect to Crane's statement in the June 1916 issue of Valve World, Mr. Pantaleoni testified as follows:

| | |
|---|---|
| Q. | Does the document I've given you that we've marked as Exhibit 15 contain this quote. "We back it as if it were our own," closed quote? |
| A. | That's what it states. |
| Q. | And it's talking about Cranite? |
| A. | Yes, and it also states other information. |
| Q. | Does the document that we've marked as Exhibit 15 state, quote, that "Cranite is backed by Crane Co. It is substantially the same as though it were a product of actual Crane manufacture," closed quote? |
| A. | That's what it states. |
| Q. | Crane is not taking that position anymore, is it, sir? |

*          *          *

| | |
|---|---|
| Q. | I understand that, sir. My question is, you're here as the corporate representative. As we sit here today, is Crane Co. backing Cranite as if it were its own? |
| A. | Well, once again, the statement is made, so we will -- we would adhere to it. |
| Q. | Today? |
| A. | Yes. |
| Q. | Would Crane Co. adhere to the statement that Cranite is backed by Crane Co. It's substantially the same as though it were a product of actual Crane manufacture? |
| A. | Yes. |

*See*, relevant excerpts from deposition testimony of Anthony Pantaleoni in the *Williams* and *Szwec* cases, attached hereto as Exhibit E, at 177:17-179:14 (certain objections omitted).

9

11691747-1

> Practically all asbestos sheet packings are made of the same ingredients. The quality varies with the length of the asbestos fibre, the amount of rubber and the character of the "binder" materials used in the manufacture. The longer the asbestos fibre the less "binder" required to form the sheets, resulting in better packing.
>
> "Klingerit" was our standard asbestos sheet packing before the war and was imported from Austria, but was unobtainable during the war. Before we adopted "Cranite" as our standard asbestos sheet we tested ever advertised sheet which could be obtained commercially in the open market. Using Klingerit as the "standard" we could not find any commercial sheet which had the heat resisting qualities, tensile strength and compression strength of Klingerit. We then picked the best of the American made sheets, and working with the manufacturer of this high-grade sheet, set out to obtain a sheet which would be better than Klingerit. This we have in our Cranite.

*See* Exhibit F, relevant excerpts from Crane 1926 Employee Handbook, at p. 154.

Finally, Crane's Engineering Purchase Specifications set out the requirements for making, labeling, and packaging Cranite. All Cranite was shipped directly to Crane, which then either cut the gasket material itself or sent the sheets to its supply houses. All Cranite was designed and specified by Crane to look exactly alike, regardless of the material's source manufacturer, so that the customers received a homogenous product irrespective of its source. *See*, *e.g.*, Exhibit E, Deposition of Anthony Pantaleoni, at 95:25-97:7; Exhibit G, 1942 Proposed Engineering Purchase Specification; Exhibit H, 1957 Engineering Purchase Specification; Exhibit I, 1972 Engineering Purchase Specification; Exhibit J, historical correspondence between Crane and Goodyear Tire regarding Crane's specifications for the manufacture of Cranite sheet material. Moreover, Cranite was designed and specified by Crane in a manner that was unique to Cranite and distinct from any other product, including other sheet gasket material, being manufactured by Goodyear Tire at that time. See Exhibit K, relevant excerpts from the October 1, 2015 deposition of Goodyear Tire's corporate representative, Joel Holthauser, at p. 37; Exhibit L, relevant excerpts from June 7, 2016 deposition testimony of Goodyear Tire's corporate

representative, Gary Tompkin, at pp. 33-38.

In short, Plaintiff now seems to be pursuing, by improper procedural means no less, strict product liability claims against Goodyear Tire as a "supplier" of Cranite sheet gasket material, a product that Goodyear Tire neither designed nor marketed and supplied, and merely manufactured, as a contractor of Crane, to the design and performance specifications developed and communicated by Crane.  For the reasons discussed herein, and with the support set forth in the above factual discussion, any design defect or warning defect/failure to warn claim raised by Plaintiff (for the first time in her Opposition) against Goodyear Tire with respect to Cranite fails as a matter of law, and Goodyear Tire's Motion for Summary Judgment must be granted.

C.  **Plaintiff's Opposition Fails To Identify Any Genuine Issue Of Material Fact To Suggest That Goodyear Tire Is Legally Responsible For Crane's Product, Cranite Sheet Gasket Material.**

In addition to the fact that Plaintiff is now attempting to pursue claims against Goodyear Tire that she failed to assert in her Complaint and indeed has no grounds to raise generally, Plaintiff's Opposition nevertheless fails to identify a genuine issue of material fact as to any claims against Goodyear Tire relating to Cranite sheet gasket material.  Plaintiff's Opposition in this regard is based entirely on two wholly unsupportive documents: (1) Crane's self-serving discovery responses which suggest that Goodyear Tire "entered into a series of contracts with [Crane] to supply asbestos-containing Cranite gaskets to it" (*see* Plaintiff's Opposition, at p. 16, and Exhibit 10 to Plaintiff's Opposition, Crane's discovery responses, at Response to Interrogatory No. 4) and (2) allegations contained in a 2014 Complaint filed by Crane in the Central District of California for contractual indemnity against Goodyear Tire ("Crane's Contractual Indemnity Complaint").  *See* Exhibit 10 and 11 to Plaintiff's Opposition.

As to the first document, Crane's self-serving discovery responses which Plaintiff

11

submits reflect contractual liability of Goodyear Tire for Cranite sheet gasket material (*see* Exhibit 10 to Plaintiff's Opposition),[9] neither Plaintiff nor Crane produced any actual documentary evidence of a contract between Crane and Goodyear Tire that would require Goodyear Tire to indemnify Crane for any liability Crane may incur in this (or any other) case involving allegations of exposure to asbestos from Cranite sheet gasket material.  A contractual right to indemnification exists only where this is a contract providing for indemnification.  *See McClure v. Deerland Corp.*, 585 A.2d 18, 22 (Pa. Super. 1991); *Burlington Coat Factory of Pa., LLC v. Grace Const. Mgt. Co., LLC*, 126 A.3d 1010, 1018 (Pa. Super. 2015).  To the extent a contract purports to provide for indemnification, Pennsylvania law requires that the agreement be strictly construed against the party asserting it and that the intent to indemnify for the particular claim be clear from the agreement's terms.  *Benchmark Group, Inc. v. Penn. Tank Lines, Inc.*, 612 F. Supp. 2d 562, 593 (E.D. Pa. 2009).  In other words, the contract must state the parties' intention for indemnity "with the greatest particularity."  *Krueger Assoc., Inc. v. ADT Sec. Sys.*, 11 F. Supp. 2d 634, 636 (E.D. Pa. 1998).

      Crane (not Plaintiff) has the burden of asserting and proving any contractual indemnity claims against Goodyear Tire, and in that regard has the burden of providing both Goodyear Tire and this Court with the specific contract upon which its claim is predicated.  Crane has neither identified nor produced any document to date reflecting a contractual agreement between it and Goodyear Tire requiring Goodyear Tire to indemnify it for whatever liability it may incur in this case.  Nor has Crane identified any contract which can be said to state with any degree of

---

[9] In addition to the above, Plaintiff is also relying on Crane's self-serving and unsupported discovery responses in her case against Goodyear to support her position that Goodyear Tire was the exclusive manufacturer of Cranite for a certain period of time, and in doing so Plaintiff has presumed that those discovery responses provide an accurate historical recitation of Crane's contracting for the manufacture of Cranite to various American companies.  However, Crane's own corporate representative, Anthony Pantaleoni, disputes the position taken by Crane's discovery responses, and thus Plaintiff's Opposition, herein.  *See generally*, Exhibit E.

particularity any alleged indemnity obligation on the part of Goodyear Tire. The mere possibility that evidence documenting a contractual indemnification agreement between Crane and Goodyear Tire might be located and/or produced by the time of trial is not sufficient to avoid summary judgment. *See Brecher v. Cutler*, 578 A.2d 481, 483-84 (Pa. Super. 1990). In light of the above, Goodyear Tire is entitled to summary judgment as to any claims, including inter alia those contractual indemnification claims improperly raised by Plaintiff herein, arising out of or relating to Cranite sheet gasket material.

As to the second document, Crane's Contractual Indemnification Complaint filed in the Central District of California in 2014 (*see* Exhibit 11 to Plaintiff's Opposition), there is no basis under Pennsylvania law or the Federal Rules of Civil Procedure to find that **mere unproven allegations** of a Complaint, particularly one filed nearly four years ago arising out of an unrelated matter and in another jurisdiction, create a genuine issue as to any material fact relevant to the instant matter. All that Crane's Contractual Indemnity Complaint serves to do in this case is demonstrate that the claim raised by Plaintiff in her Opposition is not hers to assert. Rather, it is Crane's contractual claim (albeit groundless) to assert, and again, Crane has chosen not to oppose Goodyear Tire's Motion. By way of further response to this document, Crane's Contractual Indemnity Complaint in the 2014 Central District of California case was voluntarily dismissed by Crane. *See* Exhibit M, June 30, 2015 Order dismissing Crane's Contractual Indemnity Complaint.

### D.     Conclusion

Based on the foregoing analysis, Plaintiff has failed to present evidence establishing that Mr. Boesenhofer was exposed to asbestos from any Goodyear Tire product at all, let alone on a regular, frequent, and proximate basis, or otherwise prove that exposure to dust from a Goodyear

Tire product represented a cumulative dose that is sufficient to create an inference of causation. The burden is on Plaintiff to do so and it was not done in this case. Additionally, Plaintiff has failed to present evidence assessing the dose, if any, of asbestos attributable to any Goodyear Tire product experienced by Mr. Boesenhofer in order to establish that such exposure was sufficient to constitute a substantial contributing factor in causing his disease. Instead, Plaintiff seeks to prove the causation element of her claim using the invalid "every exposure" theory. Plaintiff did not dispute this point in her Opposition. Accordingly, Defendant The Goodyear Tire & Rubber Company respectfully requests that this Honorable Court grant its Motion for Summary Judgment dismissing all claims and crossclaims against it.

Respectfully submitted,

**RAWLE & HENDERSON** LLP

BY:   /s/ John C. McMeekin II
John C. McMeekin II, Esquire
Attorney Identification No. 81250
Scott F. Griffith, Esquire
Attorney Identification No. 71796
The Widener Building
One South Penn Square
Philadelphia, PA 19107
215-575-4200
*Attorneys for Defendant,*
*The Goodyear Tire & Rubber Company*

Dated:  June 11, 2018

11691747-1

**CERTIFICATE OF SERVICE**

JOHN C. McMEEKIN II, ESQUIRE, certifies that he served a true and correct copy of the attached Reply Brief upon all counsel of record electronically via Electronic Court Filing on the date listed below.

        **RAWLE & HENDERSON** LLP

BY:   /s/ John C. McMeekin II
      John C. McMeekin II, Esquire
      Attorney Identification No. 81250
      Scott F. Griffith, Esquire
      Attorney Identification No. 71796
      The Widener Building
      One South Penn Square
      Philadelphia, PA 19107
      215-575-4200
      *Attorneys for Defendant,*
      *The Goodyear Tire & Rubber Company*

Dated: June 11, 2018